IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

FILED
U.S. DISTRICT COURT
DISTRICT OF NEBRASKA
09 JUN -2 PM 2:26
OFFICE OF THE CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) 8:09mc41 |
| v. | ) Civil Case No. CIV-09-539-R |
| CHISHOLM SBIC, L.P., | ) |
| Defendant. | ) |

## CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Pursuant to the provisions 15 U.S.C. §687c, this Court hereby takes exclusive jurisdiction of Chisholm SBIC, L.P. ("Chisholm"), and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Chisholm SBIC, L.P. ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Chisholm's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

2. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Chisholm under applicable state and federal law, by the Articles of

1

Limited Partnership, and By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Chisholm are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to Chisholm's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Chisholm and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Chisholm. The past and/or present officers, directors, agents, managers, general and limited partners, trustees, attorneys, accountants, and employees of Chisholm, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Chisholm and all of Chisholm's assets and all other assets and property of the limited partnership, whether real or personal. The general partner of Chisholm shall furnish a written statement within five (5) days after the entry of this Order, listing the identity, location and estimated value of all assets of Chisholm, a list of all employees (and job titles thereof), other personnel, attorneys, accountants and

any other agents or contractors of Chisholm, as well as the names, addresses and amounts of claims of all known creditors of Chisholm. Within thirty (30) days following the entry of this Order, the general partner of Chisholm shall also furnish a written report describing all assets. All persons and entities having control, custody or possession of any assets or property of Chisholm are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known officers, directors, agents, employees, shareholders, creditors, debtors, managers and general and limited partners of Chisholm, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a partnership interest to Chisholm shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Chisholm had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Chisholm, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees

and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, other than real estate.

6. Chisholm's past and/or present officers, directors, agents, attorneys, managers, shareholders, employees, accountants, debtors, creditors, managers and general and limited partners of Chisholm, and other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Chisholm. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Chisholm or any assets of Chisholm, wherever located, and excluding the instant proceeding, involving Chisholm, the Receiver, any of Chisholm's past or present officers, directors, managers, agents, limited partners or general partner and its respective past or present officers, directors, managers, shareholders, or agents, sued for, or in connection with, any action taken by such persons while acting in such capacity on behalf of Chisholm, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Chisholm or any assets of Chisholm, wherever located, and excluding the instant proceeding, involving Chisholm, the Receiver, or any of Chisholm's past or present officers, directors, managers, agents, limited partners, or general partner and its respective past or present officers, directors, managers, shareholders, or agents, sued for, or in connection with, any action taken by such persons while acting in such capacity on behalf of Chisholm, whether as plaintiff, defendant, third-party plaintiff, third--party defendant, or otherwise, are stayed in their entirety, and all Courts having

5

any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. As to a cause of action accrued or accruing in favor of Chisholm against a third person or party, any applicable statute of limitation is tolled to the extent allowed by law during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

10. Chisholm and its past and/or present directors, officers, managers, general or limited partners, agents, employees and other persons or entities acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Chisholm to the detriment of Chisholm or of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. 661 et. seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. §107.1 et. seq.

11. The Receiver is authorized to borrow on behalf of Chisholm, from the SBA, up to $1,000,000 and is authorized to cause Chisholm to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Chisholm, excluding administrative expenses of the Receivership, whether

6

currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Chisholm.

12. This Court determines and adjudicates that SBA has made a sufficient showing that Chisholm has violated the Act and the Regulations, as alleged in the Complaint filed against Chisholm in the instant action, to obtain the relief so requested.

**IT IS HEREBY ORDERED** this 22nd day of May, 2009.

*David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

**SEEN, STIPULATED AND AGREED TO:**

| | |
|---|---|
| Chisholm SBIC, L.P. | United States Small Business |
| By: Chisholm SBIC, Inc. | Administration |
| Its: General Partner | By: *s/ Thomas G. Morris* * |
| By: *s/ John B. Frich* * | Thomas G. Morris, Director |
| Its: President | Office of SBIC Liquidation |
| Date: 05-21-09 | Date: 05-21-09 |

\* The original signed documents are held by counsel for the United States Arlene Embrey. Said documents will be made available upon request by the Court and/or parties to this litigation for inspection and review.